# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROBERT JASON EITEL,            )
                               )
    Plaintiff,             )
                               )
v.                             )   Case No. CIV-16-1048-D
                               )
NANCY A. BERRYHILL,            )
Acting Commissioner of the     )
Social Security Administration,)
                               )
    Defendant.             )

## ORDER

Plaintiff Robert Jason Eitel appeals the Magistrate Judge's Report and Recommendation ("R&R" or "Report") [Doc. No. 19] recommending that the Court affirm the Commissioner's final decision which found he was not "disabled" as that term was defined under the Social Security Act [Doc. No. 20]. Defendant has responded to the objection [Doc. No. 21]. The matter is fully briefed and at issue.

## BACKGROUND

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." *Id*. § 423(d)(2)(A). Regulations implementing the Act set forth a five-step process for evaluating a disability claim:

> Step one requires a claimant to establish she is not engaged in "substantial gainful activity." Step two requires the claimant to establish she has a "medically severe impairment or combination of impairments." Step three asks whether any "medically severe impairment," alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude "substantial gainful employment." If listed, the impairment is conclusively presumed disabling. If unlisted, the claimant must establish at step four that her impairment prevents her from performing work she has previously performed. If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience.

*Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (internal citations omitted). On January 16, 2013, Plaintiff filed his claim for Disability Insurance Benefits and Supplemental Security Income, alleging he was disabled. The claim proceedings culminated with a hearing before an Administrative Law Judge (ALJ), who heard evidence regarding Plaintiff's medical condition. As noted by the Magistrate Judge, the ALJ made the following findings regarding Plaintiff's claims of disability:

(1) Plaintiff was severely impaired, first, by osteoarthritis by history, second, by diabetes mellitus, third, by major depressive disorder, and fourth, by generalized anxiety disorder;

(2) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) Plaintiff had the residual functional capacity (RFC) for medium work where he, first, was limited to lifting/carrying 50 pounds occasionally and 25 pounds frequently, second, could sit for "about" six hours and standing or walking for "about" six hours in an eight-hour workday, third, must avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation, fourth, he can remember, understand, and carry out simple, routine, and repetitive tasks, and fifth, he can respond appropriately to supervisors, co-workers, and usual work situations, but he should have only occasional contact with the general public;

(4) Plaintiff had no past relevant work;

(5) Plaintiff was able to perform jobs existing in the national economy; and accordingly,

(6) Plaintiff had not been under a disability, as defined in the Social Security Act since January 16, 2013, the date he filed his application for supplemental security income.

R&R at 3-4.

On appeal, Plaintiff raises three propositions of error: (1) the Magistrate Judge erred in determining that the Administrative Law Judge's (ALJ) findings with regard to the weight assigned to the opinions of Dr. Shantharam Darbe (Plaintiff's treating physician) were well-reasoned and free from error; (2) the Magistrate Judge erred in determining that the ALJ's findings with regard to Plaintiff's Residual Functional

Capacity (RFC) were supported by substantial evidence; and (3) the Magistrate Judge's opinion regarding the ALJ's credibility finding constituted "post-hoc justification" and failed to adequately address arguments set forth by Plaintiff in his Opening Brief.

## DISCUSSION

The Court is required to determine de novo any part of the Magistrate Judge's disposition where proper objection has been made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. The Court has conducted a careful de novo review of these objections and is of the opinion that the Plaintiff's objections lack merit and that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Judicial review of the Commissioner's decision is guided by the Act, which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance;

4

in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Id*. at 1083. The Court "consider[s] whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id*. (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)).

## I. Treatment of Medical Source Opinion

Plaintiff argues that the ALJ erred in considering the medical source opinions. "[Tenth Circuit] case law, the applicable regulations, and the Commissioner's pertinent Social Security Ruling (SSR) all make clear that in evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). "The initial determination the ALJ must make with respect to a treating physician's medical opinion is whether it is conclusive, i.e., is to be accorded controlling weight, on the matter to which it relates." *Id*. (internal quotation marks omitted). "Such an opinion must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Id*.

But "[e]ven if a treating opinion is not given controlling weight, it is still entitled to deference." *Id*. Thus, "at the second step in the analysis, the ALJ must

5

make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the [applicable] regulations for this particular purpose, for the weight assigned." *Id.*[1] If this procedure is not followed, remand is required.

Here, the ALJ followed this procedure. The ALJ noted the length and nature of treatment between Plaintiff and his treating physician. The ALJ also articulated his reasons for giving little weight to the physician's opinion regarding Plaintiff's medical condition; namely, that the physician's opinions regarding mental RFC were not consistent with the other record evidence. As noted, the Court is not required to reweigh the evidence or substitute its judgment for the Commissioner's. So as long as the ALJ provides a well-reasoned discussion, his failure to "explicitly discuss" all the factors "does not prevent [the] court from according his decision meaningful review." *Stanart v. Colvin*, 226 F. Supp. 2d 1234, 1239 (W.D. Okla. 2016) (quoting

---

[1] These factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011).

*Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)). The ALJ did so and the Court finds Plaintiff's first objection should be overruled.

II. **Residual Functional Capacity**

Plaintiff next contends the Magistrate Judge erred in determining that the ALJ's findings with regard to Plaintiff's RFC were supported by substantial evidence. This argument is based on Plaintiff's argument that the ALJ erred in not including his treating physician's opinions into the RFC assessment or considering other limitations proffered by Plaintiff. As noted above, the ALJ followed proper procedure in according the amount of weight to the physician's testimony and determined Plaintiff's proposals did not find support in the record. "Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record." *See Kirkpatrick v. Colvin*, 663 F. App'x 646, 650 (10th Cir. 2016) (unpublished) (citing *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)); *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (unpublished) (rejecting plaintiff's claim a limitation should have been included in his RFC because "such a limitation has no support in the record"). Accordingly, Plaintiff's objections on this issue are overruled.

III. **Credibility Determinations**

Lastly, Plaintiff objects to the Magistrate Judge's findings regarding the ALJ's credibility determinations as "post-hoc justifications" that failed to adequately address arguments set forth by Plaintiff. The Magistrate Judge determined the ALJ's

7

evaluation of Plaintiff's credibility was supported by substantial evidence and the ALJ provided specific evidence relied upon in assessing such credibility. Reviewing this determination de novo, the Court finds that Plaintiff's criticism finds no support in the record. The ALJ found several contradictions with respect to Plaintiff's evidence regarding his activities, psychology, and medical condition. The ALJ's resolution of this issue was reasonable and is supported by substantial evidence. Plaintiff's objection, accordingly, is overruled.

## CONCLUSION

Accordingly, the Magistrate Judge's Report and Recommendation [Doc. No. 19] is **ACCEPTED** and **ADOPTED** as set forth herein. A judgment shall be issued accordingly.

**IT IS SO ORDERED** this 29th day of September 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE